38040/01245/MHW/JFM

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS BRACEY,<br><br>    Plaintiff,<br><br>v.<br><br>DARRISE HARDY, LPN, et al.,<br><br>    Defendants. | No. 13-cv-6641<br><br>Judge Charles Norgle |

### DARRISE HARDY, L.P.N.'S FED R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, DARRISE HARDY, L.P.N., by and through her attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for her Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

1. Plaintiff, DEMETRIUS BRACEY (the "Plaintiff"), is an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently serving out two sentences for retail theft and fleeing and alluding the police, and has previously served sentences for armed robbery, theft, and various drug charges. *See* Darrise Hardy L.P.N.'s Rule 56.1 Statement of Undisputed Facts ("SOF"), ¶ 1.

2. On July 27, 2014, Plaintiff, through his attorney, filed a civil rights lawsuit in this Court, pursuant to 42 U.S.C. § 1983, against Defendant DARRISE HARDY, L.P.N. ("Nurse Hardy"). *See* First Amended Complaint, Document #33. Plaintiff alleges, *inter alia*, that Nurse Hardy exhibited deliberate indifference towards the Plaintiff from May 9, 2012 - June 27, 2012 for her alleged denial of the pain medication Motrin and in failing to communicate the Plaintiff's alleged serious medical need to the appropriate personnel. SOF at ¶ 3.

3.      In May and June of 2012, Nurse Hardy served as an intake nurse at the Stateville Northern Reception Center ("Stateville NRC"). SOF at ¶ 2. As an intake nurse, her duties involved conducting a short, ten (10) minute intake screening in order to assess whether incoming prisoners had a life-threatening illness that required immediate medical attention by a doctor. SOF at ¶ 9. Whether a prisoner's condition is found "urgent" or "routine" upon examination, Nurse Hardy's duty to the prisoner ends after the intake screening, and she has no duty to follow-up and ensure further medical care by a prisoner. SOF at ¶ 23.

4.      Nurse Hardy has consented by admission in her Answer to the First Amended Complaint to this Court's jurisdiction and venue. (Doc. #36, ¶ 1). Accordingly, this Honorable Court may render judgment as a matter of law in this matter.

5.      Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A party opposing summary judgment must do more than identify "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986) (footnote omitted). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.*, 111 F.3d 1304, 1308 (7th Cir. 1997). "When opposing parties tell two different stories, one of which is blatantly

2

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. at 380-81 (holding that the "[r]espondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction…").

6. In order to establish a claim for deliberate indifference, a plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The Plaintiff has failed to establish all of these elements.

7. In regard to the first element, a serious objective medical need is an objective, life-threatening situation, or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). In reviewing Seventh Circuit case law regarding pain as an objectively serious medical condition, the court looks to pain accompanied by other objective indicia to support its finding. *See Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999) (noting that the denial of pain medication was accompanied by internal bleeding, violent cramps, and periods of unconsciousness). Here, Plaintiff's objective vital signs were all within normal limits, and despite the Plaintiff testifying that he was in severe pain during and after the intake examination, he admitted that he did not even request another follow-up visit with a doctor regarding his pain complaints for 2-3 weeks after his intake examination with Nurse Hardy. SOF at ¶ 18, 27-28.

3

Therefore, the Plaintiff has failed to satisfy the first element - an objectively serious medical need.

8. Regarding the second element, the Plaintiff must show that, he communicated his alleged objectively serious medical condition in such a way that, "the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety'". *Vance*, 97 F.3d at 993. Here, Plaintiff testified he would tell a healthcare professional everyone one of his current symptoms during his examination, and Nurse Hardy confirmed that if Plaintiff stated he was in pain that required urgent care, she would note that information in the "assessment" section of her medical record. SOF at ¶ 17. Despite, the medical record containing other various, precise, notations specific to this Plaintiff, Nurse Hardy's assessment section makes no mention of pain. SOF at ¶ 17-19. As such, the Plaintiff has failed to satisfy the second element - subjective knowledge of an objectively serious medical condition.

9. Regarding the third element, Plaintiff must establish that Nurse Hardy actually knew that he needed treatment for a serious medical need or risk but nevertheless *purposely* and *deliberately* withheld it. *Sellers*, 41 F.3d at 1102 (emphasis added). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Duckworth v. Franzen,* 780 F.2d 645, 652-53 (7th Cir. 1985). Deliberate indifference constitutes unnecessary and wanton infliction of pain, which is "repugnant to the conscience of mankind," or which is "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to

4

fundamental fairness." *Estelle* at 106-07. Nurse Hardy did not display the required culpability for three reasons.

10. Nurse Hardy's care complied with all professional community standards. In order to infer the required culpability for a claim of deliberate indifference based on the care rendered by a medical professional, the professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). An inmate is not entitled to demand specific care, nor the best care possible, but rather he is entitled to reasonable measures to meet a substantial risk of serious harm to him. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). A medical professional is afforded deference to her medical judgments and treatment decisions unless the plaintiff can show that *no* minimally competent medical professional would have responded in that way when faced with the same circumstances. *Sain v. Wood,* 512 F.3d 886, 894-95 (7th Cir. 2008) (emphasis added). Here, Nurse Hardy conducted only an intake examination to assess whether the Plaintiff's current medical condition was "routine" or "urgent". SOF at ¶ 9. As a LPN at Stateville NRC in May and June of 2012, Nurse Hardy could not prescribe Motrin and could only notify a Plaintiff to put in for M.D. Sick Call in order to secure a follow-up medical appointment to receive his desired pain medication. SOF at ¶ 11-13.

11. Nor has Plaintiff shown that Nurse Hardy had any personal involvement in causing his pain. Liability under 42 U.S.C. § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry*, 65 F.3d at 561. The defendant must have actually caused the plaintiff's injury through his or her own conduct. *Volk v. Coler*, 638 F.Supp. 1540, 1547 (C.D. Ill. 1986). Here, and as noted, Nurse Hardy could not prescribe or provide the Plaintiff with his desired pain medication, Motrin. Nor did Nurse Hardy have any duty to follow

up with the Plaintiff regarding his care and treatment after she completed her intake examination on May 10, 2012. SOF at ¶ 13, 23.

12. Finally, Plaintiff has not provided verifying medical evidence supporting his claim that Nurse Hardy's alleged denial of his pain medication caused or contributed to his pain. Plaintiff is required to establish a causal connection between Nurse Hardy's failure to provide him with his desired pain medication and the alleged harm. *Memphis Comm. School. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). Because this case involves medical issues, the Plaintiff must secure expert testimony to prove that causal connection. *Alberson v. Norris*, 458 F.3d 765-66 (8th Cir. 2006). Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 1999). Here, Plaintiff has provided no expert testimony and instead relies on his own opinions regarding what Nurse Hardy should have done regarding his care and treatment. He admitted that he was on Motrin tablets on May 9, 2012, when he presented to Stateville NRC, and that resolved his pain. SOF at ¶ 8. Yet, he also stated that when he arrived to Stateville NRC on May 9, 2012, while on Motrin, he experienced severe pain described as 10/10 in the knee and 8/10 in the back. His own testimony contradicts his assertion that had Nurse Hardy prescribed him pain medication, he would not have experienced pain, and yet Plaintiff has provided no expert testimony explaining this inconsistency. Therefore, the Plaintiff has failed to satisfy the third element - culpability, or deliberate indifference to an objectively serious medical need.

13. The undisputed material facts make it clear that Plaintiff's deliberate indifference claim cannot succeed against Nurse Hardy as a matter of law. At best, Plaintiff has alleged a claim for medical negligence; however, medical negligence is not a claim for deliberate

indifference. Accordingly, Nurse Hardy is entitled to judgment as a matter of law. Therefore, this Honorable Court should grant summary judgment in favor of Nurse Hardy and against the Plaintiff.

WHEREFORE, Defendant, DARRISE HARDY, L.P.N, respectfully requests that this Honorable Court enter an Order granting Summary Judgment in her favor, dismissing this suit with prejudice as to this Defendant, and granting any and all other relief that this Court deems just.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ James F. Maruna
    One of the Attorneys for Defendant, DARRISE HARDY, LPN

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

8077938 JMARUNA;JMARUNA

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2015, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna