38040/01245/MHW/JFM

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS BRACEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DARRISE HARDY, LPN, et al.,<br><br>　　　　　Defendants. | No. 13-cv-6641<br><br>Judge Charles Norgle |

**DARRISE HARDY, L.P.N.'S MEMORANDUM OF LAW IN SUPPORT OF HER FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, DARRISE HARDY, L.P.N., by and through her attorneys, Matthew H. Weller and James F. Maruna, of CASSIDAY SCHADE LLP, and for her Memorandum of Law in Support of her Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

**I. INTRODUCTION**

Plaintiff, DEMETRIUS BRACEY (the "Plaintiff"), is an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently serving out two sentences for retail theft, fleeting and alluding the police, and has previously served sentences for armed robbery, theft, and various drug charges. *See* Darrise Hardy L.P.N.'s Rule 56.1 Statement of Undisputed Facts ("SOF"), ¶ 1. On July 27, 2014, Plaintiff, through his attorney, filed a civil rights lawsuit in this Court, pursuant to 42 U.S.C. § 1983, against Defendant DARRISE HARDY, L.P.N. ("Nurse Hardy"). *See* First Amended Complaint, Document #33. Plaintiff alleges, *inter alia*, that Nurse Hardy exhibited deliberate indifference towards the Plaintiff from May 9, 2012 - June 27, 2012 for her alleged denial of the pain medication Motrin and in failing to communicate the Plaintiff's alleged serious medical need to the appropriate personnel. SOF at ¶ 3.

The uncontroverted material facts established that on May10 2012, Nurse Hardy worked as an intake nurse at Stateville's Northern Reception Center ("Stateville NRC") and saw the Plaintiff for one (1), approximately ten (10) minute intake screening and never saw the Plaintiff again. SOFT at ¶ 2, 6, 9. In May 2012, an intake nurse could not prescribe or provide a prisoner with Motrin and instead would advise the prisoner to put in for "M.D. Sick Call" to schedule a follow-up visit to secure his prescribed pain medicine. SOF at 13, 12. As an intake nurse, Nurse Hardy's only job was to evaluate the Plaintiff for urgent medical care, and she had no duty to follow up with the patient regarding his treatment after she completed her initial intake screening. SOF at ¶ 10, 23.

Based on the foregoing facts, the evidentiary records establishes that Nurse Hardy's conduct did not rise to the level of deliberate indifference. Construing all uncontroverted material facts in the light most favorable to the Plaintiff, his claim for deliberate indifference fails as a matter of law. Accordingly, this Honorable Court should enter an Order granting Summary Judgment in favor of Nurse Hardy and against the Plaintiff.

## II. MATERIAL FACTS

Nurse Hardy incorporates her Statement of Material Facts Pursuant to Local Rule 56.1(a), and accompanying exhibits, filed concurrently with Nurse Hardy's Motion and Memorandum of Law.

## III. ARGUMENT

A. **Venue and Jurisdiction are proper**

Nurse Hardy has consented by admission in her Answer to the First Amended Complaint to this Court's jurisdiction and venue. (Doc. #36, ¶ 1). Accordingly, this Honorable Court may render judgment as a matter of law in this matter.

B.  **Summary Judgment is proper in this matter**

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Though facts must be viewed in the light most favorable to the non-moving party at the summary judgment stage, this rule only applies if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A party opposing summary judgment must do more than identify "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986) (footnote omitted). "A mere scintilla of evidence" in support of the non-movant's position is insufficient; a party will only be successful in opposing summary judgment "when it presents definite, competent evidence to rebut the motion." *Essex v. United Parcel Serv. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. at 380-81 (holding that the "[r]espondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction…").

C.  **Plaintiff Has Not Established the Elements of Deliberate Indifference**

1.  *Plaintiff must establish all three elements of deliberate indifference to prevail.*

The uncontroverted factual record establishes that Plaintiff has unequivocally failed to create any issue of material fact to defeat Nurse Hardy's Motion for Summary Judgment. In

order to prevail on a claim under § 1983, the Plaintiff must show that Nurse Hardy acted with deliberate indifference to his serious medical need or condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); *Hernandez v. Tex Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). The burden of proving deliberate indifference rests on the Plaintiff. *Id.*

The United States Supreme Court has articulated a three-part test for proving deliberate indifference. The Plaintiff must prove: (1) the existence of an objective, serious medical need; (2) that the defendant was subjectively aware of a specific, serious medical need or risk; and (3) that the defendant demonstrated a culpable mental state by deliberately ignoring the plaintiff's alleged need or risk. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir, 1996).

The test of deliberate indifference is a significantly high burden for a plaintiff to overcome and the burden is on the prisoner to demonstrate deliberate indifference to a serious medical need or condition. *Roe,* 631 F.3d at 857; *Hernandez*, 380 F.3d at 882. Plaintiff has failed to establish all three elements.

      2.     *Plaintiff has not established the first element: an objectively serious medical need*

In order to defeat this Motion, Plaintiff must first prove the existence of an objective, serious medical need. *Estelle,* 429 U.S. at 107; *Sellers,* 41 F.3d at 1102; *Vance,* 97 F.3d at 991. A serious medical need is an objective, life-threatening situation, or a risk of needless pain or lingering disability that went untreated, which would have been so obvious that even a lay person would perceive the need for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Furthermore, in order to establish that he has a serious medical condition, a plaintiff must present evidence that indicates said condition

4

has risen to a level that posed a threat of serious harm to his present health or to his future health. *Stevenson v. Scholz*, 2009 WL 790961, 2009 U.S. Dist. LEXIS 22945 at *23 (C.D. Ill. 2009).

In reviewing Seventh Circuit case law regarding pain as an objectively serious medical condition, the court looks to pain accompanied by other objective indicia to support a finding that pain constituted an objectively serious medical need. *See Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999) (denial of pain medication accompanied by internal bleeding, violent cramps, and periods of unconsciousness); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1370 (7th Cir. 1997) (denial of pain medication was objectively serious when it was manifestly clear that an untreated infected cyst caused "excruciating pain" sometimes accompanied by fever); *but see Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (finding a medical professional's denial of local anesthetic when removing a partially torn off toenail was not an objectively serious medical need because the need for pain-reducing anesthetic was a medical judgment).

Here, Plaintiff alleged general pain in his right knee and lower back throughout his incarceration at Stateville NRC from May 9, 2012 - June 27, 2012. SOF at ¶ 3. General pain does not rise to the level of serious medical need. Objectively, Nurse Hardy confirmed that when a patient is experiencing severe pain they will exhibit elevated vital signs. SOF at ¶ 18. Here, the Plaintiff's objective vital signs recorded a heart rate of fifty (50) beats per minute during the intake examination and a blood pressure of 104/67 during the intake examination. SOF at ¶ 18. Both vitals are within normal limits and do not suggest any findings of pain. SOF at ¶ 18. The Plaintiff's physical condition was evaluated as "routine". SOF at ¶ 17. Nor did the Plaintiff exhibit any issues with his mobility or gait during his intake examination. SOF at ¶ 11. Accordingly, all objective measures establish that the Plaintiff's alleged pain did not constitute an objective serious medical condition during his intake examination on May 10, 2012.

The Plaintiff testified that on May 9, 2012, the day before his intake examination, he experienced pain at 10/10 in the right knee and 8/10 in the lower back. SOF at ¶ 27. However, May 9 was one day before Nurse Hardy's examination. Also, despite the Plaintiff testifying that he was in constant pain throughout his incarceration at Stateville NRC, <u>he admitted that he did not even request another follow-up visit with a doctor regarding his pain complaints for 2-3 weeks after his intake examination with Nurse Hardy</u>. SOF at ¶ 27-28. Again, this confirms that, objectively, the patient's general pain complaints did not rise to the level of an objectively serious medical condition. SOF at ¶ 7.

       3.     *Plaintiff has not established the second element: subjective knowledge*

Assuming, *arguendo*, that Plaintiff's general pain complaints constituted a serious medical need, he has failed to establish the second element of his deliberate indifference claim - that Nurse Hardy was subjectively aware of this serious medical need. Again, if this Court finds that Plaintiff's general complaints of pain do not constitutes a serious need, Plaintiff, necessarily, cannot prove that Nurse Hardy had subjective knowledge of his serious medical need. In order to establish subjective knowledge, the Plaintiff must show that, "the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety'". *Vance*, 97 F.3d at 993, *citing Farmer*, 511 U.S. at 837.

Here, the medical record that memorializes Nurse Hardy's intake examination makes no mention of any complaints of pain. SOF at ¶ 17-19. The Plaintiff testified that he would tell the healthcare professional every one of his current symptoms during any medical appointment. SOF at ¶ 16. Nurse Hardy confirmed that if the Plaintiff stated he was in pain that required urgent care, she would note that information in the "assessment" section of her medical record.

6

SOF at ¶ 17. Despite making other various, precise, notations specific to the Plaintiff, her assessment section makes no mention of any complaints of pain. SOF at ¶ 17-19. In order for a patient to be marked as "urgent", Nurse Hardy testified that she would need to see difficulty ambulating, elevated vital signs, or the presence of an assistive device. SOF at ¶ 11. Looking at the medical record, the Plaintiff's vital signs were normal, mobility problems were marked "no", and the presence of an assistive device was also marked "no"". SOF at ¶ 11.

While the Plaintiff claims that he recalls with detail what he told Nurse Hardy about his alleged pain during the intake examination, suspiciously, he could not remember Nurse Hardy's ethnicity, height, hair color, if she was short or tall, or if she was heavy set or skinny in appearance. SOF at ¶ 16.

Regarding Plaintiff's claims that he was in pain for approximately six (6) weeks after his intake evaluation, and that Nurse Hardy allegedly knew this fact, Plaintiff admitted that he never saw Nurse Hardy again after the May 10, 2012 intake examination. SOF at ¶ 6.

The question before this Court is not whether the Plaintiff made any complaint of pain, but whether the Plaintiff made a complaint of pain that in its content and manner sufficiently alerted Nurse Hardy to an excessive risk to the Plaintiff's health. Construing the facts in Plaintiff's favor shows that he, at best, made a complaint of generalized pain. This was not sufficient notice of a severe medical condition. Accordingly, Plaintiff has not established the second element of his deliberate indifference claim.

    4.    *Plaintiff has not established the third element: culpability*

Plaintiff has not established that Nurse Hardy acted with the required culpability, or deliberate indifference, to his serious medical needs. In order to prevail on his deliberate indifference claim, Plaintiff must establish that Nurse Hardy actually knew that he needed

treatment for a serious medical need or risk but nevertheless *purposely* and *deliberately* withheld it. *Sellers*, 41 F.3d at 1102 (emphasis added). "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Duckworth v. Franzen,* 780 F.2d 645, 652-53 (7th Cir. 1985). Deliberate indifference constitutes unnecessary and wanton infliction of pain, which is "repugnant to the conscience of mankind," or which is "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Estelle* at 106-07.

Plaintiff has a very high burden to meet in order to satisfy this third element because negligence, gross negligence, or even tortuous recklessness is not enough. *Estelle* at 106-07. Unsuccessful medical treatment, neglect, or medical malpractice is not sufficient. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Nurse Hardy did not exhibit the required culpability for three reasons: (i) Nurse Hardy complied with all community standards of care during her intake examination; (ii) Nurse Hardy had no personal involvement in the alleged act - denial of requested pain medication; and (iii) Plaintiff has failed to provide any verifying medical evidence showing that Nurse Hardy's alleged deliberate indifference caused him to experience further pain.

> i. *Plaintiff has not shown that Nurse Hardy's treatment of his alleged medical condition substantially departed from community standards*

In order to infer the required culpability for a claim of deliberate indifference based on the care rendered by a medical professional, the professional's decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a

8

medical judgment. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). An inmate is not entitled to demand specific care, nor the best care possible, but rather he is entitled to reasonable measures to meet a substantial risk of serious harm to him. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Plaintiff argues that Nurse Hardy denied his prescribed pain medication, Motrin, and that constitutes a violation of his constitutional rights. While it is true that denial of prescribed pain medication can constitute a violation of constitutional rights, Plaintiff's claim against Nurse Hardy is improper because, as a LPN, she could not prescribe or provide the Plaintiff with his desired pain medication - Motrin. SOF at ¶ 13; *see Thomas v. Clay*, 2010 U.S. Dist. LEXIS 51999, 2010 WL 213663 *14-15, (N.D. Ill. May 25, 2010), *aff'd* 411 Fed Appx. 908 (7th Cir. 2011) (finding that a prisoner's claims for deliberate indifference against nurses for failing to provide ice packs and Ben Gay failed because the nurses could not prescribe the ice packs without a doctor's order and the nurse's did not carry Ben Gay, so there was none to withhold).

Moreover, Nurse Hardy's actions complied with all community standards of care during her intake examination. The intake examination is not a medical examination in the traditional sense. Rather, it is brief assessment looking for emergency medical conditions in inmates recently transferred to Stateville NRC. SOF at ¶ 9. A nurse evaluates a patient by filling out a medical record assessing whether a patient's current medical condition is "routine" or "urgent". SOF at ¶ 9. A patient is only marked "urgent" if the nurse finds that he has elevated vital signs, difficulty ambulating, or the presence of an assistive device. SOF at ¶ 11. All patients lacking one of those findings are marked "routine" and told to put in for M.D. Sick Call in order to schedule a follow-up appointment to address their routine medical needs. SOF at ¶ 11-12.

9

Looking at the medical record, the Plaintiff's vital signs were normal, mobility problems was marked "no", and the presence of assistive device was also marked "no"". SOF at ¶ 11.

Also, the Plaintiff claims deliberate indifference because Nurse Hardy recorded that he was on Motrin but she did not prescribe or provide him with Motrin during the intake examination. (Doc #33). As noted, an intake nurse at Stateville NRC could not prescribe Motrin to an inmate. SOF at ¶ 13. Upon a positive prior history of pain, an intake nurse could only provide a prisoner with over-the-counter Tylenol and an analgesic balm, like Ben Gay. SOF at ¶ 13. This is because Tylenol is not considered a controlled or "watch-take" medicine, meaning that a prisoner can have a supply of the medication within his cell. SOF at ¶ 13. Although Plaintiff very likely made no complaints of pain to Nurse Hardy (based on the lack of any charting of pain complaints), if he had, Nurse Hardy would have given him Tylenol and an analgesic balm and told him to put in for M.D. Sick Call. SOF at ¶ 20. Custom and practice for Nurse Hardy and other intake nurses in May 2012 did not require that they chart when they dispensed Tylenol to prisoners because it was an over-the-counter medication that prisoners could have in their cells. SOF at ¶ 13.

At best, Plaintiff's claim amounts to medical negligence - that Nurse Hardy's intake evaluation deviated from the community standards of care and that his condition should have been recorded as "urgent" instead of "routine". However, a medical professional is afforded deference to her medical judgments and treatment decisions unless the plaintiff can show that *no* minimally competent medical professional would have responded in that way when faced with the same circumstances. *Sain v. Wood,* 512 F.3d 886, 894-95 (7th Cir. 2008) (emphasis added). Moreover, unsuccessful medical treatment, neglect, or medical malpractice is not deliberate

indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, Plaintiff's deliberate indifference claim fails.

      ii.      *Plaintiff has not established that Nurse Hardy had any personal involvement in denying his pain medication*

Second, the Plaintiff has not established that Nurse Hardy had any personal involvement in causing his pain. Liability under 42 U.S.C. § 1983 requires direct and personal involvement in the situation that causes injury to an inmate. *Gentry*, 65 F.3d at 561. To be liable under Section 1983, the individual defendant must have caused or participated in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). The defendant must have actually caused the plaintiff's injury through his or her own conduct. *Volk v. Coler*, 638 F.Supp. 1540, 1547 (C.D. Ill. 1986). Put simply, the Defendant must show that Nurse Hardy's alleged failure to provide the Plaintiff's prescribed Motrin and her alleged failure to ensure that the Plaintiff received follow-up treatment caused him to experience severe pain.

In May 2012, Nurse Hardy, a Licensed Practice Nurse, was not capable of prescribing or providing an inmate with Motrin. SOF at ¶ 13. Accordingly, any claim that Nurse Hardy failed to prescribe or provide the Plaintiff with Motrin necessarily fails because she was not capable of giving this medicine to the Plaintiff.

Next, the Plaintiff alleges that Nurse Hardy exhibited deliberate indifference towards his serious medical needs from May 9, 2012 - June 27, 2012 by not following up to ensure that he received his desired pain medication. However, Plaintiff has admitted that he saw Nurse Hardy only one time, during the intake screening on May 10, 2012. SOF at ¶ 6. Accordingly, any claims from May 9, 2012 fail because Nurse Hardy had not yet examined the Plaintiff, and his claims after May 10, 2012 fail, because the undisputed facts establish that an intake nurse had no duty to follow up regarding the patient's medical care after she completed the intake

11

examination. SOF at ¶ 23. Regardless of whether a prisoner is found "urgent" or "routine", the intake nurse's duty ends after the intake examination concludes, and the prisoner's care and treatment falls under the supervision of other healthcare personnel at the prison. SOF at ¶ 23.

Nurse Hardy has no involvement with M.D. Sick Call. SOF at ¶ 25. Plaintiff admitted during his deposition that he was aware of the M.D. Sick Call procedure and admitted that medical personnel were in his cells 2-3 times per day and that he could always ask for medical attention in his cell, if needed. SOF at ¶ 26. Despite stating that his right knee pain never dropped below 5/10 and his lower back pain never dropped below 6/10, <u>the Plaintiff admitted that he never even asked to be put in for M.D. Sick Call until 2-3 weeks after his intake examination with Nurse Hardy</u>. SOF at ¶ 28. By his own admission and estimation, the Plaintiff had 21- 63 opportunities to tell a medical professional that he was in severe pain, before he finally requested to see a doctor regarding his alleged pain complaints. SOF at ¶ 28. Accordingly, Plaintiff's claims that Nurse Hardy exhibited deliberate indifference after his intake examination, necessarily fail.

> iii. <u>Plaintiff has not provided verifying medical evidence supporting his claim that Nurse Hardy's alleged denial of pain medicine caused or contributed to his experiencing pain</u>

Third, the Plaintiff has not provided verifying medical evidence supporting his claim that Nurse Hardy's alleged denial of pain medication caused or contributed to his pain. Plaintiff is required to establish a causal connection between Nurse Hardy's failure to provide him with his desired pain medication and the alleged harm. *Memphis Comm. School. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). Because this case involves medical issues, the Plaintiff must secure expert testimony to prove that causal connection. *Alberson v. Norris*, 458 F.3d 765-66 (8th Cir. 2006). Without medical evidence of inadequate treatment, a prisoner's self-serving opinion of

12

the quality of treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker*, 30 Fed. Appx. 625, 628 (7th Cir. 1999); *see also Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (finding that a plaintiff must have such "verifying medical evidence" where the deliberate indifference claim is based on the alleged failure to treat a condition adequately); *Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed").

Here, Plaintiff has provided no verifying medical evidence that Nurse Hardy's course of conduct departed from professionally accepted standards or caused him harm. Nor is there any expert testimony showing that Nurse Hardy's actions caused or contributed to his experiencing pain. Plaintiff claims that he was on Ibuprofen (Motrin) 400 mg tablets on May 9, 2012, when he presented to Stateville NRC and that resolved his pain. SOF at ¶ 8. He claims that had Nurse Hardy given or ensured that he received Motrin he would not have sustained pain. SOF at ¶ 3.

However, contrary to Plaintiff's own testimony, he admitted that on May 9, 2012, while on Motrin, he experienced severe pain described as 10/10 in the knee and 8/10 in the back. In other words, while Plaintiff was on the very pain medicine he claims that he needs to resolve his pain symptoms, he admitted he had 10/10 pain. His own testimony contradicts his claim that Nurse Hardy's alleged failure to provide pain medicine caused him to experience pain. Nor has he provided expert testimony explaining this inconsistency.

Conversely, Dr. Saleh Obaisi, a medical doctor and Stateville medical director, reviewed Nurse Hardy's medical record and her testimony and confirmed that she complied with all

community standards in examining and treating the Plaintiff. SOF at ¶ 22. Accordingly, the Plaintiff has not established the culpability element of his deliberate indifference claim.

## CONCLUSION

This Court should grant summary judgment in favor of Nurse Hardy and against the Plaintiff. The undisputed material facts overwhelmingly demonstrate that the Plaintiff has not established all three elements to prove deliberate indifference. First, the Plaintiff has not established that his pain on May 10, 2012 was objectively severe because his vitals were all within normal limits, he had no problems ambulating, did not require an assistive device, and, notably, he did not even ask to see a doctor for his allegedly severe pain for 2-3 weeks after his intake examination with Nurse Hardy.

Second, the Plaintiff has not established that Nurse Hardy had subjective knowledge of his alleged severe pain complaints because the medical record, which contains many specific details about the Plaintiff, is silent as to any complaints of pain or other indications that his medical condition was anything other than "routine". While the Plaintiff claimed at his deposition that he recalled, with precision, telling Nurse Hardy about his alleged pain on May 10, 2012, he, suspiciously, could not remember Nurse Hardy's ethnicity, height, hair color, if she was short or tall, or if she was heavy set or skinny.

Third, Nurse Hardy did not exhibit the required culpability, or deliberate indifference, to Plaintiff's alleged serious medical needs. Nurse Hardy complied with all professional standards in evaluating and recording her intake examination of the Plaintiff. At best, the Plaintiff disputes Nurse Hardy's medical judgment; however, medical professionals are afforded deference to their medical judgment. Next, Nurse Hardy was not personally the cause of Plaintiff's pain because she could not prescribe him his requested Motrin and she has no role in M.D. Sick Call, the

14

procedure through which the Plaintiff could follow-up and secure his prescription Motrin. Finally, Plaintiff has provided no verifying medical evidence that Nurse Hardy's conduct departed from professionally accepted standards of care or that he suffered any injuries or damages.

Reviewing all of the undisputed material facts in the light most favorable to the Plaintiff establishes that he cannot meet his burden of establishing that Nurse Hardy acted with deliberate indifference to his alleged serious medical needs from May 9, 2012 - June 27, 2010. At best, Plaintiff's claim amounts to medical negligence - but medical negligence does not amount to a claim for deliberate indifference. Accordingly, all of Plaintiff's claims against Nurse Hardy fail as a matter of law. Therefore, this Court should grant summary judgment in favor of Nurse Hardy and against the Plaintiff, Demetrius Bracey.

WHEREFORE, Defendant, DARRISE HARDY, L.P.N, respectfully requests that this Honorable Court enter an Order granting Summary Judgment in her favor, dismissing this suit with prejudice, and granting any and all other relief that this Court deems just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ James F. Maruna
            One of the Attorneys for Defendant, DARRISE HARDY, LPN

Matthew H. Weller / ARDC No. 6278685
James F. Maruna / ARDC No. 6313433
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jmaruna@cassiday.com

15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2015, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ James F. Maruna