

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS E. BRACEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARRISE HARDY, LPN, )<br>)<br>Defendant. ) | Civil Action No. 13-CV-6641<br><br>Hon. Charles R. Norgle |

## ORDER

Darrise Hardy, L.P.N.'s Fed R. Civ. P. 56 Motion for Summary Judgment [45] is granted. Pursuant to Federal Rule of Civil Procedure 58(b), the Clerk is directed to enter judgment in favor of Defendant.

## STATEMENT

Plaintiff Demetrius E. Bracey ("Plaintiff") brings his claim against Defendant Darrise Hardy, LPN ("Defendant"), alleging that Defendant subjected him to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments, and 42 U.S.C. § 1983. After discovery closed, Defendant filed her motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). The matter is now fully briefed. For the following reasons, Defendant's motion is granted.

"Summary judgment is appropriate only where there are no genuine issues of material fact and the moving part[y is] entitled to judgment as a matter of law." Hart v. Mannina, No. 14-1347, 2015 WL 4882405, *1 (7th Cir. Aug. 17, 2015) (citing Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

The Court has reviewed the parties' statements of material facts and responses thereto, and has struck all facts and responses that did not comply with Local Rule 56.1(b)(3)(B) from the following recital. See Petty v. City of Chicago, 754 F.3d 416, 420 (7th Cir. 2014) (holding that district court did not abuse its discretion in striking fact statements that did not comply with the Local Rules). In addition, all facts are construed in the light most favorable to Plaintiff, the non-moving party. See Conley v. Birch, 796 F.3d 742, 746 (7th Cir. 2015).

Plaintiff, a prisoner normally incarcerated with the Illinois Department of Corrections at Lawrence Correctional Center ("Lawrence"), was temporarily transferred to Stateville

Correctional Center Northern Reception and Classification ("Stateville") on or about May 10, 2012 for criminal proceedings in LaSalle County, Illinois. As part of the standardized intake procedure, Plaintiff was examined for approximately ten minutes by Defendant—a licensed practical nurse ("LPN"). As an LPN, Defendant is unauthorized to provide any medication aside from Tylenol and an analgesic balm. Defendant conducted the intake examination to screen inmates with an urgent need to see a physician from those inmates whose medical needs were routine. Defendant testified that medically "urgent" offenders had life-threatening illnesses, trouble ambulating, elevated vital signs, or an assistive device. See Darrise Hardy, L.P.N.'s R. 56.1 Statement of Undisputed Material Facts ¶ 11 [hereinafter "Def.'s 56.1 Statement"].

As part of the institutionally-required intake examination, and according to Defendant's usual custom and practice, Defendant asked Plaintiff about his medical history. Defendant took Plaintiff's temperature, pulse, respiration, blood pressure, and measured his eyesight; she then noted the results in Plaintiff's medical file. Plaintiff asserted that he had been taking Motrin (a painkiller with ibuprofen as its active ingredient) to control pain in his lower back and pain caused by previous surgery to his right knee, and that his pain was "10/10 in the right knee and 8/10 in the lower back." Def.'s 56.1 Statement ¶ 8. Notwithstanding his complaints of excruciating pain, Plaintiff's temperature was 96 degrees Fahrenheit, his pulse was 50 beats per minute, his respiration was 20 breaths per minute, and his blood pressure was 104 mm Hg systolic over 67 mm Hg diastolic. The parties do not contest that these vital signs are normal and indicative of a healthy person. In her intake report for Plaintiff, Defendant noted the presence of degenerative joint disease in Plaintiff's right knee, and classified his medical needs as routine. At some point, Plaintiff complained of pain in his knee and lower back, and requested Motrin to help alleviate the pain. Defendant responded that she had no authority to provide him with Motrin. Defendant testified that she gives offenders Tylenol when they complain of pain. Defendant did not dispense Motrin. Plaintiff does not claim that he requested Tylenol from Defendant. Defendant testified that she habitually told her intake examinees about the procedure to request an appointment with a physician by completing an "M.D. Sick Call" form. Id. ¶ 24. Plaintiff does not dispute that Defendant explained how to request an appointment with a physician, and concedes his familiarity with the process. Plaintiff does not claim any medical or pharmacological expertise. After this initial ten-minute screening examination, Plaintiff never returned to see Defendant.

Plaintiff stayed at Stateville for approximately six weeks, and completed a medical request form two to three weeks after he arrived at the prison. His request was granted and he saw a doctor—who provided him with Motrin—approximately three to five days before he was transferred back to Lawrence.

On September 16, 2013, Plaintiff filed his Complaint (later amended), alleging *inter alia* that Defendant was deliberately indifferent to his claims of pain when she selected the "routine" category for Plaintiff, as opposed to his preferred "urgent" categorization, in violation of the Eighth Amendment's prohibition on cruel and unusual punishments. See Pl.'s Resp. Def.'s Mot. Summ. J. 8. In his response to Defendant's motion for summary judgment, Plaintiff now changes course and says that "[t]his case is not about Defendant's failure to provide prescription medications that she could not legally provide or follow-up days or weeks later." Id. Specific to his wrongful-categorization claim, Plaintiff argues that Defendant acted as the "gatekeeper," and that "she alone controlled whether [offenders] would see a doctor in a timely manner, or be forced to wait indefinitely." Id. Further, Plaintiff avers that his "routine" categorization "made it impossible for [Plaintiff] to see a physician and obtain the necessary anti-inflammatory

2

medication (Motrin) he needed to reduce the inflammation in his knee, back and joints and alleviate the pain." Id. at 9 (emphasis added).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). To state a claim for deliberate indifference, Plaintiff must show (1) that he had an objectively serious medical condition, and (2) that Defendant had subjective knowledge of the medical need yet was deliberately indifferent to treating it. See Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010). "An objectively serious medical condition is one that 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" Id. (quoting Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008)). Medical conditions do not have to be life-threatening to be serious, the standard is whether it is a "condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." Gayton, 593 F.3d at 620 (regarding aggregation of prisoner's congestive heart failure, chest pains, and vomiting blood as a serious medical condition). When pain is the alleged condition, the Seventh Circuit holds that the pain must be accompanied by objective indicia to support a finding that the alleged condition is serious. See, e.g., Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999) (recognizing internal bleeding, violent cramps, and episodes of unconsciousness as indicia of "agonizing and extreme pain").

Here, there is no evidence that Plaintiff's immediate injuries had been diagnosed by a physician as mandating treatment. His knee had already been repaired surgically. There is no evidence pertaining to a physician's statement regarding treatment of his back. Further, while Plaintiff claims that his knee and back pain is a serious medical condition, there is no evidence of indicia of pain that would demonstrate the need for a doctor's attention to a lay person. The undisputed medical record shows that his vital signs were normal, and that he had no visible problems walking or moving around. Plaintiff's cited cases do not support his position because in those cases, the prisoner's condition was visible to the examiner. See Pl.'s Resp. Def.'s Mot. Summ. J. 4, and cases cited therein. There was no diagnosis by a physician mandating treatment and no obvious signs that Plaintiff needed a doctor's attention. Accordingly, no reasonable jury could find that Plaintiff had an objectively serious medical condition when Defendant examined him.

Notwithstanding the lack of an objectively serious medical condition, Plaintiff also cannot show that Defendant was deliberately indifferent to his condition. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012). Mere negligence is not deliberate indifference; "[r]ather, ''deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's action can be inferred.'" Gayton, 593 F.3d at 620, 624 (finding nurse acted with deliberate indifference when, faced with request from guards to examine prisoner with congestive heart failure that had been vomiting blood, refused to examine the prisoner and told guards to fill out a sick request because her shift was almost over) (quoting Qian v. Kautz, 168 F.3d 949, 955 (7th Cir. 1999)). Ultimately, Defendant cannot be deliberately indifferent to Plaintiff's condition unless her conduct was a major departure from accepted medical judgment. See Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) ("To infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment.").

Here, Plaintiff has not introduced any evidence to show the applicable standards that

would govern Defendant's decision. Instead, Plaintiff appears to argue that Defendant's ten-minute examination was the only opportunity for Plaintiff to access medical treatment. He argues, at various places in his motion, that Defendant was the only person who could allow Plaintiff to see a doctor, at one point stating—wholly without support—that seeing a physician would be impossible without Defendant's approval. Plaintiff's position is contradicted by three undisputed facts. First, Stateville had procedures in place—with which Plaintiff was familiar—for Plaintiff to request medical treatment that were independent of Defendant's determinations at the intake examination. Second, Defendant personally explained to Plaintiff how he could request medical treatment from a physician. Third, after waiting two to three weeks before making a medical request, Plaintiff <u>actually saw a physician</u>. Plaintiff has not provided any evidence that would allow a jury to conclude that Defendant acted recklessly in her determination that his pain was not life-threatening, which would justify an immediate doctor's appointment. Plaintiff argues that his inability to see a physician when he wanted to—as opposed to when the physician was availabile—somehow creates a constitutional deprivation. But "[i]nmates, like non-incarcerated individuals, must sometimes wait to see a doctor to address non-emergency medical matters." See <u>Dobbey v. Zhang</u>, No. 11 C 2374, 2013 WL 4838916, *9 (N.D. Ill. Sept. 10, 2013). No reasonable jury could find that Defendant's decision to place Plaintiff in the routine category instead of the urgent category deprived Plaintiff of his constitutional rights.

    In sum, and viewing the facts in the light most favorable to him, Plaintiff has not provided sufficient evidence that would allow a reasonable jury to conclude that Defendant violated Plaintiff's constitutional rights in the course of a ten-minute intake examination. There were no objective indicia that could show a serious medical condition. Additionally, Defendant did not act with deliberate indifference when examining Plaintiff. No reasonable jury could find that Defendant recklessly determined that Plaintiff's injuries were not life-threatening. Accordingly, Defendant is entitled to judgment as a matter of law and her motion is granted.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: October 1, 2015